UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cr-074(4) |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| EDSON CRUZ-MEDINA, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (DOC. 152)**

This case is before the Court on Defendant Edson Cruz-Medina's Motion for Compassionate Release. (Doc. 152). Cruz-Medina is currently incarcerated at FCI Elkton. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited October 16, 2024).) He moves the Court, *pro se*, for a reduction in his term of incarceration pursuant to 18 U.S.C. § 3582(c). (Doc. 59, PageID 917.) Cruz-Medina seeks early release to assist with the care of his toddler daughter who suffers from the acute liver failure known as Biliary Atreisa that prevents her from attending daycare while her mother works. (*Id.*, PageID 918.) Because Cruz-Medina has not presented the Court with extraordinary and compelling reasons justifying early release , the Court **DENIES** Cruz-Medina's Motion.

**I.   BACKGROUND**

During June 2021, federal agents executed a search warrant at the Springfield, Ohio, home of Edson Cruz-Medina and discovered 600 grams of methamphetamine; 500 grams of cocaine; 100 grams of marijuana; almost $40,000 in U.S. currency; over a half-dozen firearms; and one thousand rounds of ammunition. (*See* Doc. 93, PSR ¶ 44.) Cruz-Medina had prior convictions for:

1

improperly discharging a firearm, possession of drugs, drug abuse, obstructing official business, and forgery. (*See* id. ¶¶ 71-78.) In June 2021, a federal grand jury indicted Cruz-Medina for possession with intent to distribute 500 grams or more of methamphetamine, and, in January 2022, he pleaded guilty to that charge. (Doc. 73, minute entry.) A PSR prepared following this plea suggested an advisory sentencing range of 151 to 188 months of imprisonment. (*See* Doc. 93, ¶ 102.) In April 2022, the Court sentenced Cruz-Medina to 120 months of imprisonment. (*See* Doc. 106, 107.)

Cruz-Medina has a daughter with Quinn Tarrent, born February 3, 2021. (*See* Doc. 93, ¶ 89.) The Court granted a motion for a marriage ceremony to be conducted at the chapel at the Montgomery County Jail between Tarrent and Cruz-Medina on March 3, 2022. (*Id.*) The daughter suffers from Biliary Atresia, which is a blockage in the ducts that carry bile from the liver to the gallbladder. (*Id.*) The daughter has spent the majority of her life in the hospital and has received two liver transplants. (*Id.*)

Cruz-Medina is not a U.S. citizen; he was born in Mexico and moved to the U.S. as an infant. (*See Id.*, ¶ 89.) The U.S. Marshal's Office has not reported receiving information from U.S. Immigrations and Customs Enforcement (ICE) regarding a detainer. (***Id.***)

Cruz-Medina's moether and two sisters report that they are a close-knit family. (*See Id.*, ¶ 93.) Cruz-Medina is currently 35 years old and has an anticipated release date of December 29, 2028. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited October 16, 2024).)

On April 10, 2024, Cruz-Medina filed the present Motion. (Doc. 152.) The Government filed its Response in Opposition to Defendant's Motion for § 3582 Sentence Reduction (Doc. 153) on May 31, 2024, and Cruz-Medina filed his reply on July 1, 2024. (Doc. 155). Cruz-Medina's

Motion is thus ripe for review and decision.

## II. ANALYSIS

Cruz-Medina seeks a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c) courts can reduce a defendant's term of imprisonment in select circumstances. Cruz-Medina invokes "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, construing Cruz-Medina's Motion liberally, the Court cannot find any alleged extraordinary and compelling reasons which warrant a reduction in Cruz-Medina's term of imprisonment. Assuming Cruz-Medina has exhausted his administrative remedies, he has failed to establish an "extraordinary and compelling reason" for resentencing as required under the statute and applicable Guidelines policy statements. *See* U.S.S.G. 1B1.13(b)(1)-(6) (defining circumstances that may constitute extraordinary and compelling reasons for compassionate release). While he tenders two grounds for relief, neither is sufficient.

First, Cruz-Medina contends that he needs to assist his partner care for their ill child. In doing so, he does not argue that his spouse is incapacitated and thus proves incapable of tending to their child's needs. Rather, he notes that their child's chronic illness creates a burden on his spouse as she is a *de facto* single parent during his incarceration. Neither is it explained why Cruz-Medina's close-knit family, which includes his mother, and two sisters cannot assist with the child.

While the Court is sympathetic to the situation of the Cruz-Medina family, it does not constitute an extraordinary and compelling grounds under the Guideline, which encourages release only upon "the death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(B)(3). These conditions do not exist here. This fact forecloses this suggested basis for

3

relief. *See*, *e.g.*, *United States v. Helm*, 2022 WL 613689, at *5 (D. Del. Mar. 2, 2022); *United States v. Cruz-Rivera*, 2020 WL 5993352, at *5 (E.D. Pa. Oct. 9, 2020).

Moreover, Cruz-Medina's immigration status currently precludes him providing in-person assistance to is spouse and child in the United States. A citizen of Mexico, Cruz-Medina faces removal from the United States upon his release from custody. While Cruz-Medina an immigration judge may allow him to remain in this country, that conjecture is unlikely given his conviction for an aggravated felony within the meaning of the Immigration and Nationality Act. *See Moncrieffe v. Holder*, 569 U.S. 184, 187-88 (2013).

Recognizing this obstacle, Cruz-Medina alternatively argues that, even if removed to Mexico, he would be able to work and therefore provide financial support to his family in this country. However, a desire to provide monetary assistance to one's family – even a family in dire financial straits – does not constitute an extraordinary and compelling reason for release. *See United States v. Degante*, No. 4:17-cr-075, 2022 WL 2813716, at *5 (E.D. Tex. July 18, 2022); *United States v. Laguerra*, No. 18-cr-678, 2022 WL 173111, at *3 (E.D.N.Y. Jan. 19, 2022); *United States v. Terletsky*, No. 2:16-cr-080, 2021 WL 735699, at *4 (W.D. Wash. Feb. 25, 2021); *United States v. Francisco-Ovalle*, No. 18-cr-526, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021). Because Cruz-Medina has failed to establish an extraordinary and compelling reason ground, his motion for compassionate release will be denied.

The Court additionally notes that the § 3553(a) factors–including consideration of the seriousness of the offense and the defendant's danger to the community–support Cruz-Medina's continued incarceration. He committed a serious crime–attempting to traffic thousands of dollars in methamphetamine and cocaine into southern Ohio. In doing so, he armed himself with firearms and hundreds of rounds of ammunition. The combination of drugs and guns creates a particularly

dangerous mix that compounds the seriousness of this offense. *See United States v. Martin*, 751 Fed. Appx. 873, 875 (6th Cir. 2018). Cruz-Medina is a danger to the community who presents a risk of reoffending. He has a series of convictions dating to his late teens that range from discharging a firearm into a habitation to forgery. Prior to this case, he also sustained multiple drug convictions including possession of drugs as well as drug abuse. While each drug offense may seem minor in insolation, they demonstrate a pattern of illegal and often dangerous conduct when considered in the aggregate. Finally, Cruz-Medina has served less than half of a ten-year prison sentence for his commission of a serious crime. Releasing him now would undermine the need for just punishment and would result in unwarranted sentencing disparities. For these reasons, the § 3553(a) factors do not support his compassionate release.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for § 3582 Sentence Reduction (Doc. 152).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, November 1, 2024.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE